UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Primerica Life Insurance Company, | ) | C/A No. 5:26-cv-2754-MGL |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT FOR** |
| Versus | ) | **DECLARATORY JUDGMENT** |
| | ) | (***Non-Jury***) |
| Taliek McMillian and C&J Financial, LLC, | ) | (***Declaratory Judgment***) |
| | ) | |
| *Defendants*. | ) | |

The Plaintiff, Primerica Life Insurance Company (hereinafter the "Plaintiff" and/or "Primerica"), complaining of the Defendant Taliek McMillian and C & J Financial, LLC, (hereinafter the "Defendants"), alleges as follows:

1.     Primerica is a corporation organized and existing under the laws of Tennessee with its principal place of business in Georgia.  Primerica is authorized to do business and does business in South Carolina.

2.     Upon information and belief, Defendant Taliek McMillian is a resident and citizen of Orangeburg County, South Carolina.

3.     Upon information and belief, C & J Financial, LLC is located in Etowah County, Alabama and conducts business in South Carolina.

4.     This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTS**

6.      On June 15, 2019, Primerica originally issued to Radford McMillian (hereinafter, the "Decedent") the subject term life insurance policy, number 0491421123 (the "Policy"), which provided an initial benefit of $100,000 in coverage, plus an Increasing Benefit Rider.

7.      At all material times, Defendant McMillan was the Beneficiary of the coverage under the Policy.

8.      The Policy was made and delivered in Orangeburg County, South Carolina.

9.      Following a lapse, the Policy was reinstated on August 17, 2024, which provided $100,000 in coverage, with an Increasing Benefit Rider. A copy of the reinstated Policy, marked as Exhibit 1, is incorporated into this Complaint by reference.

10.      The Policy was based on and reinstated in reliance upon information completed by the Decedent contained in the Reinstatement Application for Individual Term Life Insurance (hereinafter the "Reinstatement Application") dated August 7, 2024.    The Reinstatement Application is marked as Exhibit 2 and is incorporated into this Complaint by reference.

11.      As a part of the Reinstatement Application, Decedent was required to answer a series of questions about his medical history and height and weight.

12.      Primerica relied on those answers in deciding whether or not to approve the Reinstatement Application.

13.      Decedent died on September 21, 2024, as a result of cardiac arrythmia, hypertension, and hyperlipidemia, with other significant conditions, at which time the coverage on his life under the Policy was $140,000 (the "Benefit").  A copy of Decedent's death certificate is attached, marked as Exhibit 3, and incorporated into this Complaint by reference.

14.     On September 26, 2024, Defendant assigned a portion of the Benefit to Jackson's Memorial Chapel in the amount of seven thousand three hundred twenty-eight dollars ($ 7,328.00), which it reassigned in favor of C&J Financial, LLC.  A copy of the assignment and reassignment is attached, marked as Exhibit 4, and incorporated into this Complaint.

15.     On or about October 24, 2024 and November 4, 2024, Primerica received a Claimant's Statement from Defendant Taliek McMillan, by which he sought to be paid the Benefit under the Policy.  Copies of Defendant McMillan's Claimant's Statements are attached, marked as Exhibit 5, and incorporated into this Complaint by reference.

16.     Because Decedent's death occurred within two years of the issuance of the Policy, Primerica conducted a routine and customary contestable claim investigation.

17.     As a part of its contestable claim investigation, Primerica obtained and reviewed the Decedent's medical records.

18.     In connection with Primerica's contestable claim investigation, Primerica learned from the Decedent's medical records that his height and weight were significantly misstated on the Reinstatement Application.

19.     By letter dated January 27, 2025, Primerica denied Defendant's claim.  A copy of the denial letter is attached, marked as Exhibit 6, and incorporated into this Complaint by reference.

20.     The bases for Primerica's denial were various false representations made by Decedent on the Reinstatement Application including, but not limited to, the failure to disclose Decedent's accurate height and weight.

21.     On the Reinstatement Application, Decedent represented that all statements and answers provided were full, complete and true to the best of his knowledge and belief.

22.     The answers Decedent provided were, in fact, neither true nor complete.

3

23.    With regard to the representations made by Decedent on the Reinstatement Application:

    a)    Decedent represented in the Reinstatement Application that he was 6'4" and 298 lbs.;

    b)    Medical records reveal Decedent was actually 5'11" weighing between 400-500 lbs., resulting in a BMI above 50.

    c)    Decedent's representations were material to the risk insured;

    d)    Primerica investigated the claim and determined those representations to be false;

    e)    Had Primerica been aware of the material misrepresentations made by Decedent, Decedent would not have qualified for reinstatement of his coverage and Primerica would have declined to reinstate coverage on his life under the Policy.

**FOR A FIRST CAUSE OF ACTION**
**(Constructive Fraud)**

24.    Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

25.    With regard to the answers given by the Decedent on the Reinstatement Application

    i.    The decedent made representations about his height and weight when he completed the Reinstatement Application;

    ii.    The representations made by the decedent were false;

    iii.    The representations were material to the risk insured;

    iv.    Decedent knew the representations were false or acted with reckless disregard of their falsity;

    v.    Primerica was ignorant of their falsity;

    vi.    Primerica did in fact rely on the representations;

    vii.    Primerica had a right to rely on the representations by virtue of the Reinstatement Application and by virtue of § 38-63-220(d) of the South Carolina Code of Laws;

    viii.    Primerica suffered both consequent and proximate injury due to Decedent's representations on the Reinstatement Application. Had his true height and

weight been disclosed, Primerica would have declined to reinstate coverage on the life of the Decedent.

26.     Primerica is entitled to a rescission of the Policy as to the Decedent, because the above-referenced misrepresentations, even if unintentional, constitute an equitable fraud against Primerica and are grounds for rescission of the coverage on the life of the Decedent under the Policy pursuant to controlling South Carolina law.

## FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment)

27.     Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

28.     Pursuant to the fraudulent and/or material misrepresentations made in the Reinstatement Application, Primerica is entitled to a declaration from this Court that the Reinstated Policy is rescinded pursuant to § 38-63-230(A)(2) of the South Carolina Code of Laws.

25.     Pursuant to § 15-53-10, et seq., of the South Carolina Code of Laws, Primerica is entitled to a declaration from this Court that it has no obligation to the Defendants or to any other person under the Policy arising from Decedent's death.

WHEREFORE, the Plaintiff, Primerica Life Insurance Company, prays that this Court rescind the Policy and declare that the Plaintiff has no obligation to the Defendants or to any other person under the Policy.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29401/02
Ph: (843) 577-4435
Fx: (843) 722-1630
E: Info@hoodlaw.com


*s/ James B. Hood* _____
James B. Hood (9130)
james.hood@hoodlaw.com
Hannah F. Marchant (14373)
hannah.marchant@hoodlaw.com

**Attorneys for Plaintiff**
**Primerica Life Insurance Company**

July 10, 2026
Charleston, South Carolina

6